UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

FILED
FEB 27 2024
THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

| UNITED STATES OF AMERICA | No. |
|---|---|
| v. | |
| KARTIK SAINI | Violation: Title 18, United States Code, Section 1343 |

### COUNT ONE

The SPECIAL NOVEMBER 2022 GRAND JURY charges:

1. At times material to this Indictment:

   a. Defendant KARTIK SAINI was a resident of India.

   b. Victim A was a resident of Chicago, Illinois.

   c. Victim B was a resident of California.

   d. Victim C was a resident of Ohio.

   e. Victim D was a resident of Delaware.

2. Beginning no later than in or around August 3, 2020 and continuing until in or around March 10, 2021, in the Northern District of Illinois, Eastern Division, and elsewhere,

KARTIK SAINI

defendant herein, together with others unknown to the grand jury, knowingly devised, intended to devise, and participated in, a scheme to defraud and to obtain money from Victim A, Victim B, Victim C, Victim D, and others by means of

materially false and fraudulent pretenses, representations, and promises, which scheme is further described below.

3. It was part of the scheme that SAINI and other co-schemers contacted victims, including Victim A, Victim B, Victim C, and Victim D located in the United States through "pop-up" messages appearing on the victims' computers, email communications or telephone calls.

4. It was further part of the scheme that SAINI and other co-schemers falsely represented to victims that they were employed by technology companies, financial institutions, or law enforcement organizations and further falsely represented to the victims that their computers or money in their bank accounts had been compromised.

5. It was further part of the scheme that SAINI and other co-schemers, under the guise of attempting to assist the victims protect their computers or money from bad actors, convinced victims to install remote-access software on their computers, which provided SAINI and other co-schemers direct access to the victims' computers.

6. It was further part of the scheme that SAINI and other co-schemers fraudulently convinced victims to transfer their money to bank accounts held at financial institutions in Hong Kong controlled by SAINI and other co-schemers purportedly for safeguarding the money or to assist law enforcement investigations,

but in fact, for the purpose of stealing the victims' money and for the personal benefit of SAINI and other co-schemers.

7. It was further part of the scheme that in some instances, SAINI and other co-schemers convinced victims to transfer cryptocurrency to cryptocurrency wallets or cryptocurrency accounts controlled by SAINI and other co-schemers, or to purchase and provide retail gift cards to SAINI and other co-schemers, purportedly for safeguarding the victims' money or to assist law enforcement investigations, but in fact, was done for the purpose of stealing the victims' money and for the personal benefit of SAINI and other co-schemers.

8. It was further part of the scheme that SAINI and other co-schemers misrepresented, concealed, and hid, and caused to be misrepresented, concealed, and hidden, the purposes of the scheme and acts done in furtherance of the scheme.

9. On or about November 2, 2020, in the Northern District of Illinois, Eastern Division, and elsewhere,

KARTIK SAINI

defendant herein, for the purpose of executing the scheme knowingly caused to be transmitted by means of wire communication in interstate and foreign commerce, certain writings, signs, and signals, namely, a wire transfer in the amount of approximately $99,865.22 from a bank account controlled by Victim A in the Northern District of Illinois to a bank account controlled by SAINI and his co-schemers in Hong Kong;

In violation of Title 18, United States Code, Section 1343.

## COUNT TWO

The SPECIAL NOVEMBER 2022 GRAND JURY charges:

1. The allegations of paragraph 1 through 8 of Count One are incorporated here.

2. On or about November 4, 2020, in the Northern District of Illinois, Eastern Division, and elsewhere,

### KARTIK SAINI

defendant herein, for the purpose of executing the scheme, knowingly caused to be transmitted by means of wire communication in interstate and foreign commerce, certain writings, signs, and signals to the Northern District of Illinois by way of a location outside of Illinois, namely, an email purporting to be from a U.S.-based financial institution to Victim A providing instructions for a wire transfer to a financial institution located in Hong Kong;

In violation of Title 18, United States Code, Section 1343.

## COUNT THREE

The SPECIAL NOVEMBER 2022 GRAND JURY charges:

1. The allegations of paragraph 1 through 8 of Count One are incorporated here.

2. On or about November 4, 2020, in the Northern District of Illinois, Eastern Division, and elsewhere,

## KARTIK SAINI

defendant herein, for the purpose of executing the scheme, knowingly caused to be transmitted by means of wire communication in interstate and foreign commerce, certain writings, signs, and signals, namely, a wire transfer in the amount of $99,580.60 from a bank account controlled by Victim A in the Northern District of Illinois to a bank account controlled by SAINI and his co-schemers in Hong Kong;

In violation of Title 18, United States Code, Section 1343.

## COUNT FOUR

The SPECIAL NOVEMBER 2022 GRAND JURY charges:

1. The allegations of paragraph 1 through 8 of Count One are incorporated here.

2. On or about November 10, 2020, in the Northern District of Illinois, Eastern Division, and elsewhere,

## KARTIK SAINI

defendant herein, for the purpose of executing the scheme, knowingly caused to be transmitted by means of wire communication in interstate and foreign commerce, certain writings, signs, and signals, namely, a wire transfer in the amount of $99,870.04 from a bank account controlled by Victim A in the Northern District of Illinois to a bank account controlled by SAINI and his co-schemers in Hong Kong;

In violation of Title 18, United States Code, Section 1343.

## FORFEITURE ALLEGATION

The SPECIAL NOVEMBER 2022 GRAND JURY further alleges:

1. Upon conviction of an offense in violation of Title 18, United States Code, Section 1343, as set forth in this Indictment, defendant shall forfeit to the United States of America any property which constitutes and is derived from proceeds traceable to the offense, as provided in Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c).

2. The property to be forfeited includes, but is not limited to, a personal money judgment in the amount of approximately $1,065,442.99.

3. If any of the forfeitable property described above, as a result of any act or omission by defendant:

   a. cannot be located upon the exercise of due diligence;

   b. has been transferred or sold to, or deposited with, a third party;

   c. has been placed beyond the jurisdiction of the court;

   d. has been substantially diminished in value; or

   e. has been commingled with other property which cannot be divided without difficulty,

the United States of America shall be entitled to forfeiture of substitute property under the provisions of Title 21, United States Code, Section 853(p).

A TRUE BILL:

_____
FOREPERSON


_____
Signed by Steven Dollear on behalf of
MORRIS PASQUAL
ACTING UNITED STATES ATTORNEY